IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE JAMES CALHOUN,            )
                                 )
        Petitioner,              )
                                 )          Civil Action No.
v.                               )          2:20-cv-8-WKW-CSC
                                 )               (WO)
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Willie James Calhoun's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] As discussed below, the Court recommends that Calhoun's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## I.  BACKGROUND

On July 25, 2007, Calhoun pled guilty under a plea agreement to possessing a firearm as convicted felon, in violation of 18 U.S.C. § 922(g)(1). The written plea agreement contained a waiver provision in which Calhoun waived his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. Doc. 4-2 at 4–5. After a sentencing hearing on October 24, 2007, the district court sentenced Calhoun to 37 months' imprisonment, with at least 24 months

---

[1] References to document numbers ("Doc.") are to the document numbers of the pleadings, motions, and other materials in the Court file of this civil action, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

of that sentence to run consecutively to a preexisting state sentence, to be followed by a three-year term of supervised release. Doc. 4-3 at 2–3. The district court entered its judgment on October 26, 2007. Doc. 4-3. Calhoun did not appeal.

On January 6, 2020, Calhoun, proceeding pro se, filed this § 2255 motion presenting a claim that his trial counsel was ineffective for failing to seek suppression of the firearm that formed the basis of his felon-in-possession conviction. Doc. 1 at 4. The government responds that Calhoun's § 2255 motion is time-barred under the AEDPA's one-year statute of limitations, 28 U.S.C. § 2255(f). Doc. 4 at 2–4. The Court agrees.

## II.  DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255. In pertinent part, the AEDPA amended § 2255 to provide:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Calhoun's judgment of conviction became final on November 9, 2007, upon expiration of the 14-day appeal window that followed the district court's October 26, 2007 entry of judgment. *See Murphy v. United States,* 634 F.3d 1303, 1307 (11th Cir. 2011) (finding that in a § 2255 action where no timely appeal was filed, a judgment becomes final when the time for filing an appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A)(i). Thus, under 28 U.S.C. § 2255(f)(1), Calhoun had until November 10, 2008, to file a § 2255 motion.[2] However, Calhoun did not file his § 2255 motion challenging his conviction and sentence until January 6, 2020, over 11 years after his judgment of conviction became final. Accordingly, if § 2255(f)(1) applies, Calhoun's § 2255 motion is untimely.

The provisions of 28 U.S.C. § 2255(f)(2)–(4) give Calhoun no safe harbor by affording a different triggering date so that the one-year limitation period might have commenced on some date later than November 9, 2007, or expired on some date later than November 10, 2008. Calhoun asserts no facts to show that an unlawful governmental action impeded him from filing a timely § 2255 motion, *see* 28 U.S.C. § 2255(f)(2); he presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2255(f)(3); and he presents no claim whose supporting facts could not have been discovered earlier

---

[2] November 9, 2008 was a Sunday. November 10, 2008 was the first business day after that date.

3

through the exercise of due diligence, *see* 28 U.S.C. § 2255(f)(4). Thus, § 2255(f)(1) supplies the limitation period for Calhoun's § 2255 motion. Under that subsection, his motion is untimely. Unless he can demonstrate that he is entitled to equitable tolling, his motion is time-barred by the AEDPA's statute of limitations.

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649. The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Calhoun appears to suggest that equitable tolling is warranted to excuse the untimely filing of his § 2255 motion because, he says, he was informed by his attorney in his criminal proceeding that "my conviction would and did not became final until the probationary period was completely served." Doc. 1 at 11. Calhoun also says he was ignorant of the law regarding the statute of limitations for filing a § 2255 motion and maintains that this, too, is a basis for applying equitable tolling. Doc. 8 at 2–3.

Calhoun is not clear about the nature of the statements his former counsel allegedly made to him, or the context in which the statements were made. In response to the Court's order directing him to show cause why his § 2255 motion should not be dismissed as time-barred,[3] Calhoun appears to indicate that his counsel's statements had nothing to do with when the limitation period for filing a § 2255 motion would begin to run. According to Calhoun, "[I]n July of 2007 before going into the courtroom to change my plea, my attorney informed me that my sentence would not be completed until the probationary period of the sentence was completely served." Doc. 8 at 2. There is a difference, of course, between when a defendant's sentence is considered completely served and when a defendant's judgment of conviction becomes final. The latter event, under § 2255(f)(1), is important in determining when the statute of limitations for filing a § 2255 motion begins to run, while the former event has nothing to do with triggering the § 2255 statute of limitations. It is hardly conceivable that a defendant, in any case, would wish to wait until completing his sentence—when he is no longer in custody—to file a § 2255 motion challenging his conviction and sentence.[4] Thus, it appears that counsel's advice to Calhoun had nothing to do with advising Calhoun of the time limit for filing a § 2255 motion, and that Calhoun could not reasonably have considered counsel's alleged statements to be statements about the § 2255 statute of limitations, as opposed to statements about when Calhoun's sentence would be considered completely served. Indeed, Calhoun avers

---

[3] *See* Docs. 5 and 8.

[4] For this reason, it hardly seems plausible that Calhoun's former counsel, an experienced attorney with the Federal Defender's Office, would advise Calhoun that he could wait until his sentence was completely served before filing a § 2255 motion, and that he had a full year from completion of his sentence to do so.

elsewhere in his pleadings that "I never knew about a § 2255 motion until recently." Doc. 8 at 2. If Calhoun only recently learned about § 2255 motions, how could he have understood counsel's statements before his 2007 change of plea hearing to be statements about when the statute of limitations for filing a § 2255 motion begins to run?

Consequently, the Court finds that counsel's alleged statements to Calhoun do not constitute an "extraordinary circumstance" sufficient to warrant equitable tolling. Calhoun shows no causal connection between counsel's alleged statements and his late filing of his § 2255 motion. *San Martin*, 633 F. 3d at 1267. Moreover, even if counsel's statements are construed as (incorrect) advice to Calhoun about when the limitation period for filing a § 2255 motion would begin to run, or if Calhoun reasonably construed counsel's statements in this way, such mistaken advice by counsel amounts at most to mere attorney negligence, which does not constitute an extraordinary circumstance warranting equitable tolling. "Mere attorney negligence does not justify equitable tolling. . . . An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). *See also, e.g., Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (petitioner who relied on mistaken advice of counsel in calculating federal filing deadline not entitled to equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's inadequate research, which led to miscalculation of federal deadline, did not

warrant equitable tolling). Calhoun's failure to demonstrate an extraordinary circumstance that prevented his timely filing of a § 2255 motion precludes equitable tolling in his case.

Regarding Calhoun's professed ignorance of the law regarding § 2255 motions and the statute of limitations, courts do not accept "a lack of legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). *See, e.g., Gardner v. Walker*, 2005 WL 1127137, *1 (M.D. Ga. May 7, 2005) (citations omitted) ("'Ignorance of the law is no excuse; it is not a reason for equitable tolling.'. . . . Here, Petitioner's Objection is without merit because his ignorance of AEDPA's limitations period fails to amount to 'extraordinary circumstance[s]' for equitable tolling purposes."); *Burton v. Deloach*, 2008 WL 2131398, *4 (M.D. Ala. Mar. 13, 2008) ("The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.").

Because Calhoun's failure to demonstrate that any extraordinary circumstance stood in the way of his timely filing a § 2255 motion precludes application of equitable tolling in his case, any consideration of whether he has shown reasonable diligence would not change the Court's finding that equitable tolling is not warranted. However, the Court notes that Calhoun has not shown that he exercised reasonable diligence. Calhoun does not explain why he allowed such an extraordinary amount of time to pass before taking steps to file his § 2255 motion, or whether he acted diligently to look into when his time to file a § 2255

7

motion would expire. Calhoun's own allegations indicate that he "never knew about a § 2255 motion until recently." Doc. 8 at 2. This statement by Calhoun suggests that for multiple years after he was sentenced, he did not act to learn about his right to file a § 2255 motion, much less to learn about the time limit for filing a § 2255 motion. Thus, Calhoun fails also to show that he exercised the due diligence required to justify equitable tolling.

Calhoun filed his § 2255 motion petition after expiration of the AEDPA's statute of limitations as set forth in 28 U.S.C. § 2255(f)(1). And he demonstrates no entitlement to equitable tolling. Consequently, his § 2255 motion is time-barred, and his claim is not subject to review.[5]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be DENIED, and this case DISMISSED with prejudice, as the § 2255 motion was filed after expiration of the AEDPA's statute of limitations, 28 U.S.C. § 2255(f).

It is further It is further

ORDERED that the parties shall file any objections to this Recommendation **by July 19, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate

---

[5] Calhoun's sole claim for relief in his § 2255 motion is that his trial counsel was ineffective for failing to seek suppression of the firearm that formed the basis of his felon-in-possession conviction. Doc. 1 at 4. The Court would note that he fails to present any facts or arguments supporting this conclusory claim.

Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of July, 2022.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE